Jeffrey S. Love, OSB # 873987
Email: jeffrey.love@klarquist.com
Salumeh R. Loesch, OSB # 090074
Email: salumeh.loesch@klarquist.com
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, Oregon  97204
Telephone:  503-595-5300
Facsimile:  503-595-5301

*Attorneys for Plaintiff Sokol Blosser, Ltd.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **SOKOL BLOSSER, LTD.,** an Oregon Corporation,<br><br>      PLAINTIFF,<br><br>v.<br><br>**EVOLUTION CHICAGO, LLC,** an Illinois Corporation,<br><br>and<br><br>**EVOLUTION NORTHBROOK, LLC**, an Illinois Corporation,<br><br>      DEFENDANTS. | Civ. Action No. 3:12-cv-1330<br><br>COMPLAINT FOR TRADEMARK AND SERVICE MARK INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Sokol Blosser, Ltd. ("Plaintiff") for its Complaint for Trademark and Service Mark Infringement against Defendant Evolution Chicago, LLC and Defendant Evolution Northbrook, LLC (collectively "Defendants") states and alleges as follows:

## PARTIES

1.  Plaintiff Sokol Blosser, Ltd. is an Oregon corporation with its principal place of business at 5000 Sokol Blosser Lane, Dayton, Oregon. Plaintiff is located and does business in this District.

2.  Upon information and belief, Defendant Evolution Chicago, LLC is an Illinois limited liability corporation organized and existing under the laws of the State of Illinois with its principle place of business at 2766 Dundee Road, Northbrook, Illinois.

3.  Upon information and belief, Defendant Evolution Northbrook, LLC is an Illinois limited liability corporation organized and existing under the laws of the State of Illinois with its principle place of business at 854 Grove Street, Glencoe, Illinois.

4.  Upon information and belief, Defendants, individually or collectively, own and operate one or more Evolution Wines & Spirits retail stores, and Defendant Evolution Northbrook, LLC, either alone or with Defendant Evolution Chicago, LLC, maintains and operates the website, http://evolutionwines.com/, through which Defendants, individually or collectively, sell wine, beer, and spirits to customers across the country, including in the District of Oregon.

## JURISDICTION AND VENUE

5.  This is an action for trademark infringement of a federally registered trademark, false designation of origin, and common law trademark and service mark infringement.

6. This action is brought, in part, under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and in particular under the Federal Trademark Act, 15 U.S.C. §§ 1051-1127. This Court has original jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338.

7. Supplemental jurisdiction over the causes of action under state law is proper pursuant to 28 US.C. §§ 1338(b) and 1367, because those causes of action are substantially related to the Lanham Act causes of action over which the Court has original jurisdiction.

8. The Court has personal jurisdiction over Defendants because they have engaged in substantial and not isolated activities within the State of Oregon by selling and/or offering for sale wine, beer, and spirits to consumers in Oregon through Defendants' website.

9. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(a) because Defendants are doing and transacting business, and have committed acts complained of herein, within this District and targeted at this District.

## BACKGROUND FACTS

10. Plaintiff Sokol Blosser is a family-owned winery established in 1971. In 1998, Plaintiff introduced its EVOLUTION brand of wine. Plaintiff's EVOLUTION wine has enjoyed significant success and consumers throughout the United States recognize the brand and wine.

11. The label on Plaintiff's EVOLUTION wine has EVOLUTION in large, all capital letters.

12. Plaintiff is the owner of U.S. Trademark Registration No. 2,304,225 for the mark EVOLUTION for wine, issued on December 28, 1999. A copy of Plaintiff's U.S. Trademark Registration No. 2,304,225 is attached as Exhibit A.

13. Plaintiff has used the mark EVOLUTION in connection with wine since at least as early as July 31, 1998, and continues to use its EVOLUTION mark for wine in commerce.

14.     Plaintiff has the exclusive right to use EVOLUTION as a trademark in the distribution and sale of "wine" in the United States.

15.     Plaintiff's EVOLUTION mark is incontestable pursuant to 15 U.S.C. § 1065.

16.     Plaintiff has common law rights in the mark EVOLUTION for wine by virtue of the continuous use of the mark since at least 1998.

17.     Plaintiff has expended considerable time, effort, and money in advertising, publicizing, selling, and promoting wine bearing the EVOLUTION mark.

18.     Plaintiff has used its EVOLUTION service mark on its website, http://www.evolutionwine.com/, in connection with its on-line retail sales and promotions of wine since at least as early as September 1, 2008, and continues to use EVOLUTION for wine-related services in commerce.  A screenshot of Plaintiff's website is attached as Exhibit B.

19.     Plaintiff began using the domain name "evolutionwine.com" to market and provide information about its EVOLUTION wine at least as early as April 12, 2001.

20.     Plaintiff's website, www.evolutionwine.com, has the mark EVOLUTION on the top left corner of each page.

21.     Consumers can purchase Plaintiff's EVOLUTION brand wines through Plaintiff's website.

22.     Plaintiff has common law rights in the mark EVOLUTION for wine-related services by virtue of the continuous use of the mark since at least 2008.

23.     Plaintiff has expended considerable time, effort, and money in advertising and publicizing its wine-related on-line retail and promotional services bearing the EVOLUTION mark.

AND SERVICE MARK INFRINGEMENT
Page 3

24. Over the years, Plaintiff's EVOLUTION mark has become a valuable brand and Plaintiff has established substantial goodwill in connection with this brand.

25. By virtue of its use and registration, Plaintiff has the exclusive right to use the EVOLUTION mark and any confusingly similar mark in commerce in connection with wine.

26. Upon information and belief, Defendant Evolution Northbrook, LLC registered the domain name "evolutionwines.com" on or about November 25, 2010.

27. Upon information and belief, Defendants launched their website, http://evolutionwines.com/, on or about April 2, 2011.

28. Defendants' website, http://evolutionwines.com/, began using the name and mark "Evolution" in 2011.

29. Defendants' website, http://evolutionwines.com/, states that Defendants began using the name and mark "Evolution" in 2011. Screenshots of Defendants' website are attached as Exhibit C.

30. Defendants maintain and operate the website, http://evolutionwines.com/, in connection with the sale of wine, beer, and spirits.

31. Upon information and belief, Defendants currently market and sell wine throughout the United States, and specifically in Oregon, through their website.

32. Defendants use "Evolution" as a trademark and service mark in commerce for the sale of wine.

33. Defendants' website has the name "Evolution Wines & Spirits" on the top left corner.

34. The word "Evolution" is the dominant feature of Defendants' "Evolution Wines & Spirits" name on their website.

35. The word "Evolution" is prominently visible on Defendants' website and is the prominent portion of Defendants' URL.

36. The words "Evolution Wines," without "& Spirits," is prominently visible on the top center of the printed receipts for purchases from Defendants' stores. A copy of a receipt for a purchase from one of Defendants' stores is attached as Exhibit D.

37. Upon information and belief, Defendants refer to themselves and their stores in some of their advertisements and videos as "Evolution Wines."

38. Defendants use the name and mark "Evolution" on t-shirts, wristbands, wine boxes, and delivery vans, and advertise on billboards using the name and mark "Evolution."

39. Defendants are aware of Plaintiff's EVOLUTION marks.

40. Defendants maintain and operate at least two retail stores, called "Evolution Wines & Spirits," that sell wine, beer, and spirits.

41. Defendants opened the first store with the name "Evolution Wines & Spirits" on or about January 7, 2011, and opened the second store with the name "Evolution Wines & Spirits" on or about July 25, 2011.

42. Upon information and belief, Defendants opened their third store with the name "Evolution Wines & Spirit" in July 2012.

43. Upon information and belief, Defendants do not have a state trademark or service mark registration for Evolution alone or in combination with any other word or phrase.

44. Upon information and belief, Defendants do not have a federal trademark or service mark registration for Evolution alone or in combination with any other word or phrase.

45. Defendants use the "Evolution" name and mark in connection with the same goods as Plaintiff, namely wine.

46. Defendants use the "Evolution" name and mark in connection with the same services as Plaintiff, namely wine-related services.

47. Plaintiff's EVOLUTION mark is for use in connection with wine and wine-related services and Defendants' use of the name and mark "Evolution" is in connection with similar or identical goods and services, namely the sale of wine, beer, and spirits.

48. Defendants use the "Evolution" name and mark and Plaintiff uses its EVOLUTION mark to market to the same groups of consumers, namely buyers of Plaintiff's EVOLUTION wine and buyers of wine generally.

49. The term "Evolution" as used by Defendants is spelled the same and otherwise has the same sight, sound, and meaning as Plaintiff's EVOLUTION mark.

50. Defendants' use of "Evolution" is likely to be confused with and mistaken for Plaintiff's EVOLUTION mark because the marks are identical in sight, sound, and meaning.

51. The only difference between the Defendants' website and Plaintiff's website is the addition of an "s" at the end of Defendants' domain name.

52. Defendants offer Plaintiff's EVOLUTION wine for sale through Defendants' website. A screenshot of Plaintiff's EVOLUTION wine offered for sale on Defendants' website is attached as Exhibit E.

53. Defendants' Facebook page has a posting about Plaintiff's EVOLUTION wine. A screenshot of Defendants' Facebook page is attached as Exhibit F.

54. Upon information and belief, Defendants adopted and use the "Evolution" name and mark in commerce with the willful intent to trade off of Plaintiff's goodwill and reputation by associating Defendants' www.evolutionwines.com website with Plaintiff's EVOLUTION

wines and www.evolutionwine.com website to create a likelihood of consumer confusion in the marketplace.

55. Upon information and belief, Defendants intentionally adopted a confusingly similar trademark and service mark.

56. Defendants' use of the "Evolution" name and mark is likely to confuse or mislead consumers into believing that Defendants' website, wine retail stores, wine and other products are affiliated with or endorsed by Plaintiff.

57. Defendants' use of "Evolution" or any confusingly similar name or mark in connection with wine, beer, or spirits is unauthorized by Plaintiff (except for the use of the mark on Plaintiff's EVOLUTION wine that Defendants offer for sale and sell).

58. Defendants' use of "Evolution" or any confusingly similar name or mark in connection with wine, beer, or spirits infringes Plaintiff's federally registered EVOLUTION mark and Plaintiff's common law rights to use the EVOLUTION trademark and service mark.

59. Upon information and belief, Defendants' trademark and service mark infringement is willful.

60. Defendants had constructive knowledge of Plaintiff's EVOLUTION mark based on Plaintiff's federal registration. (*See* Ex. A.)

61. Defendants had actual knowledge of Plaintiff's use of the EVOLUTION mark for wine and demonstrated that publicly by offering for sale and selling Plaintiff's EVOLUTION wine on Defendants' website and by identifying Plaintiff's EVOLUTION wine on Defendants' Facebook page. (*See* Ex. E.)

## CLAIM ONE
### (Trademark Infringement in Violation of 15 U.S.C. § 1114)

62. Plaintiff repeats and realleges the allegations contained in paragraphs 1-61 above as if fully set forth herein.

63. Defendants' acts constitute trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

64. Plaintiff's EVOLUTION mark is a valid, federally-registered mark owned by Plaintiff.

65. Defendants have used and continue to use the name and mark "Evolution," which is identical to Plaintiff's EVOLUTION mark.

66. Defendants have used and continue to use the name and mark "Evolution" in connection with the sale of wine, which is identical to the good listed in Plaintiff's incontestable Federal Registration for EVOLUTION.

67. Defendants are not authorized to use Plaintiff's registered EVOLUTION mark or any confusingly similar mark or any mark that implies that Defendants are in any way associated with Plaintiff.

68. Defendants' use of the name and mark "Evolution" in connection with the sale of wine, beer, and spirits is likely to cause confusion, mistake, or deception.

69. Defendants' use of the EVOLUTION mark was made with actual or constructive knowledge of Plaintiff's rights in the EVOLUTION mark.

70. Upon information and belief, Defendants knowingly and intentionally infringe Plaintiff's trademark rights.

71. Upon information and belief, Defendants' infringing activities are likely to damage Plaintiff's reputation and goodwill among consumers and to divert sales and opportunities away from Plaintiff and to Defendants.

72. Upon information and belief, Defendants' acts of trademark infringement have caused and, unless enjoined, will continue to cause Plaintiff to sustain monetary damages, loss, and injury in an amount to be determined in this action.

73. Plaintiff is without an adequate remedy at law. Defendants' use of Plaintiff's EVOLUTION mark has caused irreparable injury to Plaintiff, and unless Defendants are enjoined by this Court, their acts of infringement will continue and Plaintiff will continue to suffer irreparable injury.

## CLAIM TWO
### (False Designation of Origin in Violation of 15 U.S.C. § 1125)

74. Plaintiff repeats and realleges the allegations contained in paragraphs 1-61 above as if fully set forth herein.

75. Defendants' acts constitute false designation of origin in violation of 15 U.S.C. § 1125(a)(1).

76. Plaintiff's EVOLUTION mark is a valid, federally-registered mark owned by Plaintiff.

77. Plaintiff has common law rights in its EVOLUTION mark based on its continuous use in commerce in connection with wine since at least 1998.

78. Plaintiff has used its EVOLUTION mark for wine-related services since at least 2008.

79. Plaintiff offers for sale and sells its EVOLUTION wines on its website, www.evolutionwine.com.

80. Plaintiff's EVOLUTION mark is on the top left corner of each page of its website.

81. Defendants have used and continue to use the name "Evolution," which is identical to Plaintiff's EVOLUTION mark.

82. Defendants have used and continue to use the name and mark "Evolution" in connection with the sale of wine, which is identical to the goods in connection with which Plaintiff has used and uses its EVOLUTION mark since at least 1998, and to the goods listed in Plaintiff's incontestable Federal Registration for EVOLUTION.

83. Defendants have used and continue to use the name and mark "Evolution" in connection with wine-related services, which is identical to the services for which Plaintiff uses its EVOLUTION service mark.

84. Defendants are not authorized to use Plaintiff's EVOLUTION mark or any confusingly similar mark or any mark that implies that Defendants are in any way associated with Plaintiff.

85. Defendants' use of the name and mark "Evolution" in connection with the sale of wine, beer, and spirits is likely to confuse consumers into believing that the goods and services offered by Defendants originated from, are authorized by, or are somehow affiliated with Plaintiff.

86. Defendants' use of the "Evolution" name and mark is likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of the goods and services of Defendants because others are likely to believe that Defendants' goods and services in some way are connected with, sponsored by, licensed by, associated with, affiliated with, or otherwise related to Plaintiff.

87. Defendants' use of the EVOLUTION trademark and service mark was made with actual or constructive knowledge of Plaintiff's rights in the EVOLUTION trademark and service mark.

88. Upon information and belief, Defendants knowingly and intentionally engaged in the false designate of origin of Plaintiff's trademark and service mark rights.

89. Upon information and belief, Defendants' activities are likely to damage Plaintiff's reputation and goodwill among consumers and to divert sales and opportunities away from Plaintiff and to Defendants.

90. Upon information and belief, Defendants' acts of false designation of origin have caused and, unless enjoined, will continue to cause Plaintiff to sustain monetary damages, loss, and injury in an amount to be determined in this action.

91. Plaintiff is without an adequate remedy at law.  Defendants' use of Plaintiff's EVOLUTION trademark and service mark has caused irreparable injury to Plaintiff, and unless Defendants are enjoined by this Court, their acts of false designation of origin will continue and Plaintiff will continue to suffer irreparable injury.

### CLAIM THREE
### (Trademark and Service Mark Infringement under Common Law)

92. Plaintiff repeats and realleges the allegations contained in paragraphs 1-61 above as if fully set forth herein.

93. Plaintiff owns protectable common law trademark and service mark rights in its EVOLUTION mark and any such rights owned by Plaintiff are superior to any rights that Defendants may claim to have in the EVOLUTION mark.

94. Plaintiff has common law rights in its EVOLUTION trademark based on its continuous use in commerce in connection with wine since at least 1998.

95. Plaintiff has common law rights in its EVOLUTION service mark based on its continuous use in commerce in connection with wine-related services since at least 2008.

96. Plaintiff offers for sale and sells its EVOLUTION wines on its website, www.evolutionwine.com.

97. Plaintiff's EVOLUTION mark is on the top left corner of each page of its website.

98. Plaintiff has established goodwill associated with its EVOLUTION mark and Defendants are trading off Plaintiff's goodwill through unauthorized and unlicensed use of Plaintiff's EVOLUTION mark.

99. Defendants' unauthorized use of the EVOLUTION mark and any confusingly similar mark in connection with the sale of wine, beer, and spirits is likely to cause confusion as to the source or sponsorship of the goods and services, is likely to lead the public to believe that Plaintiff is in some way connected to Defendants, and is likely to mislead consumers.

100. Consumers are likely to confuse Defendants' website with Plaintiff's website because the only difference between the domain names is the addition of an "s" at the end of Defendants' domain name.

101. Defendants' intentional unauthorized use of a confusingly similar mark, unless restrained and enjoined, is likely to cause confusion or mistake, or to deceive the purchasing public to the damage of Plaintiff.

102. Defendants' use of the EVOLUTION mark was made with actual or constructive knowledge of Plaintiff's rights in the EVOLUTION mark.

103. Upon information and belief, Defendants knowingly and intentionally infringe Plaintiff's trademark and service mark rights.

104. Upon information and belief, Defendants' infringing activities are likely to damage Plaintiff's reputation and goodwill among consumers and to divert sales and opportunities away from Plaintiff and to Defendants.

105. Upon information and belief, Defendants' acts of trademark and service mark infringement have caused and, unless enjoined, will continue to cause Plaintiff to sustain monetary damages, loss, and injury in an amount to be determined in this action.

106. Plaintiff is without an adequate remedy at law.  Defendants' use of Plaintiff's EVOLUTION mark has caused irreparable injury to Plaintiff, and unless Defendants are enjoined by this Court, their acts of infringement will continue and Plaintiff will continue to suffer irreparable injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sokol Blosser, Ltd. prays for the following relief:

A. A judgment for Plaintiff against Defendants that Defendants are liable for trademark and service mark infringement under Federal and state law;

B. A grant of permanent injunction against Defendants and all persons in active concert or participation with them, enjoining them from using the EVOLUTION mark or any confusingly similar variation of the EVOLUTION mark, as a trademark or service mark (including trade dress) in connection with wine, beer, and/or spirits;

C. A judgment enjoining Defendants from using the domain name evolutionwines.com and ordering Defendants to transfer the domain to Plaintiff;

D. A judgment awarding Plaintiff compensatory damages as a result of Defendants' actions, together with interest and costs;

E.A judgment requiring Defendants to account for and pay to Plaintiff all profits wrongfully derived by Defendants through their unlawful acts set forth herein, together with interest and costs;

F.An award to Plaintiff of its costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action, together with interest, including prejudgment interest, pursuant to 15 U.S.C. § 1117 and the equity powers of this Court; and

G.Such other and further relief as may be deemed just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a trial by jury on all issues properly triable by a jury.

Dated: July 23, 2012Respectfully submitted,

By:/s/Salumeh R. Loesch
Jeffrey S. Love, OSB # 873987
Email: jeffrey.love@klarquist.com
Salumeh R. Loesch, OSB # 090074
Email: salumeh.loesch@klarquist.com
Klarquist Sparkman, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: 503-595-5300
Facsimile: 503-595-5301

*Attorneys for Plaintiff Sokol Blosser, Ltd.*